Gregory Benard
**HENDERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–89–146–CR.**

Court of Appeals of Texas,
Waco.

Feb. 22, 1990.

Peter Adams, Houston, for appellant.

John B. Holmes, Jr., Crim. Dist. Atty., Cheryl Boyd, Claire Connors, Asst. Dist. Attys., Houston, for appellee.

HALL, Justice.

Appellant Gregory Benard Henderson was indicted for the offense of aggravated robbery "by using and exhibiting a deadly weapon, namely, a firearm." The case was tried to a jury. The charge to the jury at the guilt/innocence phase of the trial permitted a finding that appellant was "guilty as charged in the indictment" if the jury determined that appellant committed the offense individually by using a firearm, or committed the offense by assisting a named third party who used a firearm. The jury returned a general verdict finding appellant "guilty of aggravated robbery, as charged in the indictment." Punishment was assessed by the jury at confinement in the Texas Department of Corrections for a term of sixty years. Judgment was rendered on the verdicts. The judgment recited that appellant had used a deadly weapon

in the commission of the offense "as charged in the indictment."

The appeal is predicated on two points of error asserting that the trial court erred (1) in affirmatively finding in the judgment that appellant used a deadly weapon, and (2) in permitting evidence before the jury of a prior conviction for the offense of unauthorized use of a motor vehicle. We sustain the first complaint and modify the judgment, and we overrule the second complaint.

█ The finding in a judgment of conviction in a criminal case that the defendant used or exhibited a deadly weapon adversely affects the defendant's eligibility for parole. Vernon's Ann.C.C.P. art. 42.12, §§ 3f(a)(2), 15(b). Where a defendant is convicted as a party to the use or exhibition of a deadly weapon in the commission of a crime, there must be a specific finding by the trier of facts that the defendant himself used or exhibited the deadly weapon before a finding of the use of the deadly weapon may be properly recited in the judgment of conviction. *Travelstead v. State*, 693 S.W.2d 400, 402 (Tex.Cr.App. 1985). In our case the verdict does not show whether appellant was convicted for committing the crime individually using a deadly weapon, or whether he was convicted as a party to the use of a deadly weapon. He might have been convicted as a party. There was not a specific finding by the trier of facts that appellant himself used or exhibited the deadly weapon. Thus, the recitation in the judgment that a deadly weapon was used in the commission of the offense should not have been made.

█ During the punishment phase of the trial the State introduced evidence of three prior criminal convictions against appellant, including a conviction for unauthorized use of a motor vehicle. Appellant asserts that the State's proof did not sufficiently tie him to the judgment and sentence of this conviction. We disagree. The case number on this prior conviction was 429010 in the 183rd District Court. A jail card with appellant's fingerprints on it showed that he was placed in jail in case number 429010 in the 183rd District Court for the offense of "theft auto." Expert testimony matched the fingerprints on the jail card to appellant's fingerprints taken at the time of the trial in question. Appellant's position is that since the jail card showed the offense to be "theft auto," this was not sufficient to tie him to the conviction for the unauthorized use of a motor vehicle even though the jail card showed the offense number to be 429010 in the district court where the case was tried. However, appellant has overlooked the recitation in the judgment of case number 429010 that appellant was indicted in that case in separate counts for "theft of an automobile and unauthorized use of a motor vehicle, but upon motion of the State the first paragraph was abandoned, the defendant on trial for unauthorized use of a motor vehicle, a felony." We hold that the evidence sufficiently established that appellant was the defendant named "Gregory Thomas Henderson aka Gregory Benard Henderson" who was convicted of the offense of unauthorized use of a motor vehicle in case number 429010 in the 183rd District Court.

This court has the power to reform and correct the judgment as the law and the nature of the case require. Rule 80(b)(2) and (c), Tex.Rules App.Proc.; *Barecky v. State*, 639 S.W.2d 943, 945 (Tex.Cr.App. 1982). Accordingly, the judgment is reformed and corrected by deleting from it the finding that appellant committed the offense by using a deadly weapon.

As reformed, the judgment is affirmed.