**Patricia Sandifer ZIMMER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 04–96–00781–CR.**

Court of Appeals of Texas,
San Antonio.

Nov. 25, 1998.

Rehearing Overruled Feb. 5, 1999.

Nancy B. Barohn, Dallas, for appellant.

Daniel Thornberry, Asst. Criminal Dist. Atty., San Antonio, for appellee.

Before PHIL HARDBERGER, Chief Justice TOM RICKHOFF, Justice KAREN ANGELINI, Justice.

## OPINION

PHIL HARDBERGER, Chief Justice.

Patricia Sandifer Zimmer appeals her conviction for felony driving while intoxicated. In three points of error, Zimmer contends that the State's evidence with regard to prior convictions was insufficient as a matter of law to support a conviction for felony DWI. We reverse and order acquittal.

## FACTS AND PROCEDURAL HISTORY

Zimmer was charged by indictment with the offense of felony DWI, pursuant to Texas

Penal Code sections 49.04(a) and 49.09(b). The case was tried to a jury, who returned a guilty verdict on the charge of felony DWI. The trial court sentenced Zimmer to three years' incarceration. Zimmer filed a motion for new trial, which the trial court denied.

Zimmer appeals.

## DISCUSSION AND ANALYSIS

In her first and second points of error, Zimmer contends that there was legally insufficient evidence to prove her two prior convictions, a necessary element of the offense of felony DWI. Our inquiry today is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In order to support a felony DWI conviction, the State was required to prove Zimmer had two prior misdemeanor DWI convictions. Tex. Penal Code Ann. § 49.09(b) (Vernon Supp.1998). Toward this end, the State called Everett Mann ("Mann"), the Bexar County supervisor of criminal identification and a fingerprint examiner, to provide testimony regarding the known prints of Zimmer. Mann took the fingerprints of Zimmer at trial. In the course of his testimony, he said that the fingerprints he had taken at trial matched the fingerprint on the judgment in cause no. 493941, whereby Patricia Sandifer was convicted of misdemeanor DWI on August 14, 1991. This judgment was admitted into evidence without objection. This proved one prior misdemeanor DWI conviction.

The State then questioned Mann about a booking slip from the arrest of Patricia Sandifer on August 19, 1992 for the second prior DWI. Mann testified that the fingerprint on the booking slip matched the fingerprints he had taken from Zimmer at trial. The State then tried to introduce the booking slip as State's Exhibit 5, along with a judgment in cause no. 530867, whereby Patricia Sandifer was convicted of misdemeanor DWI on July 8, 1993, following her arrest on August 19, 1992 (State's Exhibit 6). The judgment in cause no. 530867 did not bear Zimmer's fin-

gerprint or signature. Zimmer objected to State's Exhibit 5 on the grounds of relevance and hearsay and to State's Exhibit 6 because no foundation had been laid for it. The trial court sustained Zimmer's objection as to the booking slip, but overruled her objection to the judgment in cause no. 530867. Zimmer did not move to strike Mann's prior testimony with regard to the booking slip. On cross-examination, Mann admitted that without the booking slip, which was not in evidence, he could not link Zimmer to the judgment in cause no. 530867.

The question before us is whether the State sufficiently proved the second conviction. Where proof of a prior conviction is a jurisdictional element, the fact of the prior conviction, including the identity of the accused, must be proven beyond a reasonable doubt. *Maibauer v. State*, 968 S.W.2d 502, 507 (Tex.App.—Waco 1998, pet. ref'd). It is well-settled that a prior conviction alleged for enhancement may be established by certified copies of a judgment and sentence and authenticated copies of the Texas Department of Corrections records, including fingerprints, supported by expert testimony matching them to the known prints of the defendant. *Beck v. State*, 719 S.W.2d 205, 209 (Tex.Crim.App.1986) (citations omitted).

While this may be the most popular method of proving prior convictions for enhancement of punishment, it is only one method of proving prior convictions. *Id.* The State may also employ methods such as, but not limited to: (1) offering the testimony of a witness who personally knows the defendant and the fact of his prior conviction and identifies him; (2) stipulations or the judicial admission of a defendant; (3) matching a photograph of the defendant in a penitentiary packet or other official record to the defendant at trial. *Id.; Littles v. State*, 726 S.W.2d 26, 31 (Tex.Crim.App.1984).

The key element in proving the fact of a prior conviction is presenting evidence of identity which is independent of or in addition to the evidence shown in the penitentiary packet, or, for our purposes, the booking slip. *Griffin v. State*, 866 S.W.2d 754, 756 (Tex.App.—Tyler 1993, no writ) A pen packet

is inadmissible unless it is joined with independent testimony that the person convicted of the offense charged in the pen packet is the person before the court in the case at bar. *Beck,* 719 S.W.2d at 210.

 Documents such as booking slips or penitentiary packets, while admissible, are generally insufficient standing alone to prove prior convictions. *Beck,* 719 S.W.2d at 209; *Davila v. State,* 930 S.W.2d 641, 653 (Tex. App.—El Paso 1996, pet. ref'd). This is true even if the name on the judgment and sentence and the booking slip is the same as the defendant on trial. *Beck,* 719 S.W.2d at 209; *Bullard v. State,* 533 S.W.2d 812, 816 (Tex. Crim.App.1976). It is incumbent on the State to go forward and show by independent evidence that the defendant is the person so previously convicted. *Beck,* 719 S.W.2d at 211. The State most commonly accomplishes this by offering expert testimony matching the known prints of the defendant to the fingerprints in the pen packet. *Id.* When properly authenticated copies of the convicting court's judgment and sentence are used, they are admissible at trial. *Rosales v. State,* 867 S.W.2d 70, 72 (Tex.App.—El Paso 1993, no pet.). However, the relevance of records showing a prior criminal conviction is conditioned upon the introduction of evidence sufficient to support a finding that the defendant on trial is the same person as the one previously convicted. *Id.* at 72–73.

*Littles v. State* is helpful. In *Littles,* the State sought to prove one of two prior convictions by offering expert testimony matching the fingerprints found in the penitentiary packet corresponding to the conviction with the known prints of the defendant. 726 S.W.2d at 30. However, the fingerprint card contained in the penitentiary packet contained erroneous information regarding the offense charged, and the trial court ruled that the fingerprint card could not be admitted, although the remainder of the penitentiary packet was admitted. *Id.* The Court of Criminal Appeals, on rehearing, affirmed that the fingerprint card was inadmissible,

but found that the State's case was saved because the penitentiary packet contained a photograph of the defendant, from which the jury could make an independent determination that the person represented in the photograph was the same person convicted in the first matter and in the case before them.[1] *Id.* at 31.

A similar result was reached in *Daniel v. State,* where a booking slip alone, not a penitentiary packet, was used for the purpose of proving a prior conviction. 585 S.W.2d 688, 692 (Tex.Crim.App.1979) (finding jail card irrelevant and inadmissible to prove prior conviction without verifying identity was of same person), *overruled on other grounds, Littles v. State,* 726 S.W.2d 26, 31 (Tex.Crim.App. 1984); *see also Timberlake v. State,* 711 S.W.2d 50, 51 (Tex.Crim.App.1986) (holding that sheriff's testimony regarding prior bench warrant to transport defendant and transportation of said defendant insufficient to link identity with judgment and sentence in prior case for enhancement purposes in present case). *Cf. Felton v. State,* 659 S.W.2d 482, 486 (Tex.App.—Dallas 1983, pet. ref'd) (deciding, like *Littles,* that State saved itself from fatal effect of exclusion of fingerprint card with photographs in penitentiary packet to prove prior conviction). *But see Henderson v. State,* 786 S.W.2d 62, 63 (Tex. App.—Waco 1990, no pet.) (finding use of jail card sufficient to prove prior conviction despite facial infirmity of different offense charged).

The distinguishing fact (indeed, the dispositive fact) between *Littles* and our case is that the *Littles* jury had additional evidence, namely, the photograph, by which it could link the defendant to the conviction despite the failure of the fingerprint testimony. In our case the State failed to offer any other evidence by which the defendant could be linked to the second conviction. As the above-cited cases bear out, there are multiple means by which the State could have accomplished this, such as introducing a photo-

---

1. While the cases regarding the admissibility of penitentiary packets are helpful, they are also distinguishable to the detriment of the State. A penitentiary packet is a post-conviction record which contains the full set of materials relating to the judgment and sentence. The booking slip in our case was not introduced in the context of a larger record of conviction, and, as such, lacked the support of corroborative documents.

graph from the penitentiary packet, or calling a witness with personal knowledge of the prior conviction, such as the prosecutor or another witness to the prior proceedings, or a personal acquaintance who knew of the fact of the conviction.

On this point, the scope of admissible corroborative evidence is fairly wide, accommodating even "unorthodox" means. *Littles,* 726 S.W.2d at 32. The State could have bolstered its case in light of the exclusion of the fingerprint card, but did not. We are left only with testimony that the fingerprint on the back of a booking slip, which is not in evidence, matches that of the defendant, and a judgment convicting a person named Patricia Sandifer, who was arrested on the same day. What we do not have is anything which proves, by independent evidence, that the Patricia Sandifer of the judgment in cause no.530867 is the same person in the booking slip, the previous judgment, *or* the person on trial for felony DWI. Because of the coincidence of the name and date, she probably is the same person. But probably is not good enough when it is the critical element being used for enhancement.

This is true even if the booking slip had been admitted. All the booking slip could have shown was that a person whose prints matched those of the defendant had been previously convicted of DWI in cause no. 493941 and *arrested* on a DWI charge. It did not, and could not, prove the conviction that may have resulted from that arrest. It is possible that the Patricia Sandifer arrested and booked on August 19, 1992 was a different Patricia Sandifer who was convicted in cause no. 530867. It was the State's burden to dispel any doubt by independent evidence that the person in the judgment in cause no. 530867 and the person before court were the same person. They didn't. The State did not prove a second prior conviction. Because a lesser included offense was not submitted to the jury, we must reverse the conviction for felony DWI. Zimmer's first and second points of error are sustained.

### CONCLUSION

The State failed to sufficiently prove the fact of two prior convictions, a necessary element of a felony DWI conviction. We reverse the conviction and order Patricia Sandifer Zimmer acquitted of the crime charged.