No. 04-01-00358-CR



Jesus GARZA,


Appellant



v.



The STATE of Texas,


Appellee



From the 399th Judicial District Court of Bexar County, Texas


Trial Court No. 1999-CR-5606


Honorable Juanita Vasquez-Gardner, Judge Presiding



Opinion by: Alma L. López, Justice


Sitting: Phil Hardberger, Chief Justice

 Alma L. López, Justice

 Paul W. Green, Justice


Delivered and Filed: May 15, 2002


AFFIRMED 

 Appellant, Jesus Garza, appeals his conviction of the felony offense of driving while
intoxicated. On May 1, 2001, he was sentenced to five years confinement. That sentence was
suspended and appellant was placed on five years community supervision, fined, and assessed court
costs. On appeal, appellant raises two issues: 1) the trial court erred in failing to suppress all evidence
obtained from an illegal traffic stop, and 2) the evidence is legally insufficient to uphold the
conviction. We overrule appellant's two issues and affirm the trial court's judgment. 

Factual Background On the night of September 6, 1999, at about 9:50 p.m.,
 appellant was driving eastbound on
Fifth Street in Converse, Texas, when Officer Daniel Robert Veith made a right turn onto the same
street. Upon turning onto Fifth Street, Officer Veith noticed that appellant's vehicle did not have a
working rear license plate light. Officer Veith initiated a stop of appellant for the purpose of
informing him of the violation. When Officer Veith approached the vehicle, he smelled alcohol.
Officer Veith subsequently called for Officer Mike Scoggins's assistance. Officer Scoggins, who was
certified to administer standardized field sobriety tests, arrived at the scene and administered the tests
which appellant failed. Appellant was then arrested for driving while intoxicated.

 Prior to trial, appellant filed a motion to suppress the evidence. However, appellant did not
request a pretrial hearing. Appellant exercised his right to a trial by jury. At the conclusion of the
State's evidence, appellant moved for a directed verdict based, in part, upon the illegality of the stop.
The trial court acknowledged appellant's motion to suppress at that time and then denied appellant's
motion for directed verdict. After trial, the jury found appellant guilty of the felony offense of driving
while intoxicated. 

Motion to Suppress

 In his first issue, appellant argues that his warrantless stop was illegal because the reason for
the stop, a defective rear license plate light, was a minute infraction not justifying the initial detention.
Therefore, appellant asserts that all evidence stemming from the stop should have been suppressed
at trial. Because the State contends that appellant waived his complaint on this issue, we must first
determine whether error was preserved. See Tex. R. App. P. 33.1(a). 

 Here, appellant filed a written motion to suppress the evidence, but failed to request a pretrial
hearing. Instead, it appears the trial court carried the motion until trial and appellant requested a
ruling after the State had rested its case. Simply carrying the motion along with the trial, however,
did not negate appellant's need to timely object and obtain a ruling. See eg., Gearing v. State, 685
S.W. 2d 326, 330 (Tex. Crim. App. 1985) (failing to obtain ruling on "carried along" motion to
suppress until conclusion of testimony presents no error for appellate review), rev'd on other
grounds, 956 S.W. 2d 33 (Tex. Crim. App. 1997). (1)
 Because no pretrial ruling was given on the
motion to suppress, appellant was required to object each time any refuted evidence was offered in
order to preserve error. See Ethington v. State, 819 S.W. 2d 854, 858 (Tex. Crim. App. 1991). This
was not done. Appellant objected twice to the introduction of evidence, but he did not object on
grounds asserted in his motion to suppress and asserted on appeal. (2) Because an issue on appeal must
comport with the objection made at trial, appellant did not preserve his right to complain about their
admission on appeal. See Broxton v. State, 909 S.W. 2d 912, 918 (Tex. Crim. App. 1995); Davis v.
State, 22 S.W.3d 8,11 (Tex. App.--Houston [14th Dist.] 2000, no pet.). Moreover, appellant stated
he had "no objection" to other evidence obtained from the stop. Appellant's affirmative acceptance
of this evidence effectively waived any error he may have had on appeal. See Jones v. State, 833
S.W. 2d 118, 126 (Tex. Crim. App. 1992).

 Even if appellant properly preserved his issue for review, we conclude appellant's first issue
lacks merit. When reviewing a trial court's ruling on a motion to suppress evidence, we apply a
bifurcated standard of review, giving almost total deference to a trial court's determination of
historical facts and reviewing de novo the trial court's application of the law of search and seizure.
See Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d
85, 88-89 (Tex. Crim. App.1997). Because the facts in this case are not in dispute, we make a de
novo determination of whether the facts give rise to a reasonable suspicion of criminal activity. See
Hernandez v. State, 983 S.W.2d 867, 869 (Tex. Crim. App. 1998).

 Relying upon the opinion in Vicknair v. State, 751 S.W.2d 180 (Tex. Crim. App. 1986),
appellant asserts that the lack of a license plate lamp was a minute defect which did not justify the
stop. In Vicknair, an officer stopped the appellant for driving with a cracked rear taillight which he
believed violated state law. However, the officer conceded that red light emitted from the taillight.
The evidence reflected that only a sliver of white light emitted from the taillight and there was no
evidence that the white light "washed out" the red hue of the taillight. Relevant state law at the time
required that a taillight emit red light. Based upon this evidence, the Court of Criminal Appeals held
that the officer was not justified in stopping the appellant because there was no evidence that
appellant's taillight failed to emit a red light. See Vicknair, 751 S.W.2d at 189-90. 

 The instant matter is distinguishable from Vicknair in
 that the evidence reflects a complete
violation of Texas transportation law which requires that a rear license plate be illuminated. Officer
Veith testified that he stopped appellant's vehicle at nighttime around 9:50 p.m. While he confirmed
that appellant was driving with his headlights on, he observed that appellant did not have a rear
license plate light at all. Texas law requires that a taillamp or separate lamp "be constructed to emit
a white light that: (1) illuminates the rear license plate and (2) makes the plate clearly visible at a
distance of 50 feet from the rear." Tex. Trans. Code Ann. § 547.322(f)(1) (Vernon 1999).
Further, a vehicle must display each lighted lamp and illuminating device at nighttime. See Tex.
Trans. Code Ann. § 547.302 (a)(1) (Vernon 1999). A violation of these provisions of the Texas
Transportation Code is a misdemeanor. See Tex. Trans. Code. Ann. § 542.301 (Vernon 1999). 

 Committing a traffic offense in an officer's presence provides probable cause and justifies
detention. See McVickers v. State, 874 S.W.2d 662, 664 (Tex. Crim . App. 1993); Garcia v. State,
827 S.W.2d 937, 944 (Tex. Crim. App. 1992); also Tex. Code Crim. Proc. Ann. art. 14.01(b)
(Vernon 1977) (stating a police officer may arrest an offender without warrant if any offense is
committed in his presence or within his view) Officer Veith's observation of appellant's lack of a
lamp illuminating his license plate gave him probable cause to stop appellant's vehicle thereby
obviating the need for reasonable suspicion See State v. Ayala, 981 S.W.2d 474, 476 n.2 (Tex.
App.--El Paso 1998, pet. ref'd). Accordingly, Officer Veith was justified in stopping appellant. We
overrule appellant's first issue.



Sufficiency of the Evidence

 In his second issue, appellant asserts that the evidence was legally insufficient to support his
conviction for the felony offense of driving while intoxicated. Specifically, he contends the evidence
was legally insufficient to prove a prior conviction for driving while intoxicated in 1986.
Accordingly, we address whether the State sufficiently proved this conviction. 

 When conducting a legal sufficiency review, we will consider all of the evidence in the trial
record, whether it was admissible or not. See Dewberry v. State, 4 S.W. 3d 735, 740 (Tex. Crim.
App. 1999). This evidence is viewed in the light most favorable to the verdict. See Silva v. State, 989
S.W. 2d 64, 69 (Tex. App.--San Antonio 1998, pet. ref'd). Once the evidence is viewed in this light,
the appropriate inquiry is whether any rational trier of fact could have found the elements of the crime
beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 324 (1979). The same standard
applies to both direct and circumstantial evidence. See Kutzner v.State, 994 S.W.2d 180, 184 (Tex.
Crim. App. 1999). 

 To support a felony DWI conviction, the State was required to prove that appellant had two
prior misdemeanor DWI convictions. See Tex. Pen. Code Ann. § 49.09(b) (Vernon Supp. 2002).
When proof of a prior conviction is a jurisdictional element, the fact of the prior conviction or
convictions, including the identity of the accused, must be proven beyond a reasonable doubt. See
Zimmer v. State, 989 S.W.2d 48, 50 (Tex. App.--San Antonio 1998, pet. ref'd). While there are a
number of means to prove prior convictions for enhancement of punishment, one way is for the State
to provide certified copies of a judgment and sentence, as well as authenticated copies of the Texas
Department of Corrections records, including fingerprints, supported by expert testimony matching
the fingerprints to the known prints of the defendant. See Littles v. State, 726 S.W.2d 26, 31 (Tex.
Crim. App. 1984); Beck v. State, 719 S.W.2d 205, 209 (Tex. Crim. App. 1986); Zimmer, 989 S.W.2d
at 50. The State may also employ other evidence such as penitentiary packets, booking slips, or
other official records to prove the prior conviction. See Zimmer, 989 S.W.2d at 50. However, even
where the name on the judgment and sentence match the name on the booking slip and that of the
defendant on trial, the evidence is still insufficient to prove the prior conviction. See id. at 51. The
State must show evidence, independent of such documents, which establishes that the defendant is
the same defendant in the prior conviction. See id. This is generally done by offering expert testimony
matching the prints of the defendant to the fingerprints on the booking slips or packets. See id. 

 State's Exhibit No. 6, admitted into evidence, included a judgment in Cause No. 338327
which showed that a "Jesus G. Garza" was convicted of driving while intoxicated on January 7, 1986.
The State concedes that the fingerprints on that exhibit could not be identified. Appellant contends
that the State did not establish that the "Jesus G. Garza" convicted in Cause No. 338327 was
appellant. Relying upon Zimmer, appellant claims that because the fingerprints relating to the
conviction were illegible and no other method was used to prove the prior conviction, the State did
not meet its burden in linking him to the prior conviction. See id. at 50.

 The evidence, when viewed in the light most favorable to the verdict, reflects that appellant
was the same person convicted of a misdemeanor DWI on January 7, 1986, in Cause No. 338327.
State's Exhibit No. 5, a jail drop card for February 17, 1985, which contained legible fingerprints,
was admitted into evidence. Richard Meuse, a fingerprint classifier with the Bexar County Sheriff's
Department, testified that the drop card bore the same night magistrate number as the night
magistrate number indicated on State's Exhibit No. 6. He also testified that the offense date on both
State's Exhibits Nos. 5 and 6 was February 17, 1985, and that the name of the individual and offenses
on these exhibits matched. Finally, he testified that the SID number, a unique computer identification
number provided by Bexar County, on each exhibit matched. Thus, there was sufficient evidence
connecting the drop card to the judgment in Cause No. 338327. See id. at 52. Importantly, Meuse
also testified that he had the opportunity to take appellant's fingerprints at trial in the instant matter.
Meuse testified that appellant's fingerprints matched the fingerprints on the drop card. See id. at 50.

 On appeal, appellant does not contend the evidence was legally insufficient regarding the
second conviction for DWI in 1991. A review of the evidence leads us to conclude that the evidence
as to that conviction was legally sufficient. (3) Therefore, we hold that a rational trier of fact could have
found the elements of felony DWI beyond a reasonable doubt.

Conclusion

 We overrule appellant's two issues on appeal and affirm the judgment of the trial court. 


 Alma L. López, Justice


Do Not Publish
1. By carrying the motion, the trial court merely decided to hear any evidence regarding the motion to suppress
until the appropriate time, i.e., at appellant's timely and specific objection to the evidence. See Martinez v. State, 867
S.W. 2d 30, 35 (Tex. Crim. App. 1993) (recognizing a timely objection to be one that is raised at the earliest possible
opportunity); Thomas v. State, 884 S.W. 2d 215, 216 (Tex. App.--El Paso 1994, writ ref'd) (holding that defendant
waived error by not objecting until after he had allowed two police officers to testify and admitted a photograph into
evidence without objection).
2. Appellant objected to the admission of the traffic stop videotape and objected to Officer Veith's testimony
regarding his observations of appellant during the field sobriety tests. He argued the tape was more prejudicial than
probative and contended Officer Veith was not an expert. Both objections were overruled. Conversely, appellant's
first issue on appeal is that Officer Veith lacked probable cause and reasonable suspicion to stop appellant's vehicle.
3. The State's evidence at trial on this conviction consisted of a drop card with a fingerprint (State's Exhibit
No. 7) and a judgment in Cause No. 480641 dated January 25, 1991, with related court documents, which also
contained a legible fingerprint (State's Exhibit No. 8). Meuse testified that the fingerprints in these exhibits matched
appellant's fingerprint.