# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00027-CR

**Ben Cook, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF DALLAS COUNTY, 265TH JUDICIAL DISTRICT
### NO. F-0159230-NR, HONORABLE KEITH T. DEAN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Following a bench trial, appellant Ben Cook, Jr., was convicted of felony driving while intoxicated ("DWI"), and sentenced pursuant to a plea agreement to ten years' imprisonment, suspended for six years. *See* Tex. Pen. Code Ann. §§ 49.04, .09(b)(2) (West 2003 & Supp. 2004). Cook's offense was enhanced to a felony offense by a 1999 conviction in trial court cause number MA98-43809E ("the 1999 conviction") and a 1997 conviction in cause MB96-19939E ("the 1997 conviction"). On appeal, Cook concedes that the evidence is sufficient to show that he committed the subject DWI offense and the 1999 offense. He asserts only that the evidence is insufficient to show that he was convicted in 1997. Because we agree with Cook's contention, we modify the judgment to show a conviction for the lesser-included offense of Class A misdemeanor DWI and remand the cause for a new hearing on punishment.

To prove Cook's prior convictions, the State produced the following documents from Cook's 1999 conviction: a docket sheet containing the handwritten notation, "plea of true to 2nd paragraph"; the admonition and plea form signed by Cook stating that he was charged with "DWI II"; the judgment of conviction which states that Cook pled "guilty/nolo contendere" to a Class A misdemeanor but does not state of which particular offense he was convicted; Cook's probation conditions requiring him to complete a program for repeat offenders; a sentencing recommendation stating that Cook was charged with "DWI (2nd)" and, under "Prior Record," stating, "m96 DWI"; and the information charging Cook with "DWI 2ND" and alleging that he had been convicted of DWI in 1997 in cause number MB96-19939-E. The file from the 1997 conviction has been lost and the State was not able to locate it for presentation at trial. Cook argued at trial that the State had not proven either prior conviction, but the State argued that it sufficiently established the 1997 conviction through the documents from the 1999 conviction.

When prior convictions are used to elevate an otherwise misdemeanor offense to a felony, they are jurisdictional and must be pled in the indictment. *Tamez v. State*, 11 S.W.3d 198, 201 (Tex. Crim. App. 2000). The State must prove such prior convictions beyond a reasonable doubt. *Littles v. State*, 726 S.W.2d 26, 28 (Tex. Crim. App. 1984); *Zimmer v. State*, 989 S.W.2d 48, 50 (Tex. App.—San Antonio 1998, pet. ref'd). A prior conviction may be proven by certified copies of a judgment and sentence and authenticated copies of records from the Texas Department of Corrections, including fingerprints, supported by expert testimony matching them to the defendant. *Littles*, 726 S.W.2d at 28; *Zimmer*, 989 S.W.2d at 50. The State may also offer: (1) testimony from

2

a witness who personally knows the defendant and the fact of his prior conviction; (2) the defendant's stipulations or judicial admissions; (3) the defendant's photograph in a penitentiary packet or other official record. *Littles*, 726 S.W.2d at 31; *Daniel v. State*, 585 S.W.2d 688, 690-91 (Tex. Crim. App. 1979); *Zimmer*, 989 S.W.2d at 50.

Here, the State produced no records from the 1997 conviction. The admonishment form from 1999, signed by Cook, states that he was charged with "DWI II" and entered a plea of guilty or nolo contendere, but does not refer to the 1997 conviction. The judgment of conviction states only that Cook was convicted of a Class A misdemeanor, but does not state the particular offense or make mention of a prior conviction, much less provide any information about any particular prior convictions used for enhancement purposes. The allegations in the 1999 information do not establish any facts, but instead are the charges that the State sought to prove. Therefore, the 1999 indictment does not amount to evidence of the 1997 conviction. Finally, the handwritten notation in the 1999 docket sheet that Cook entered a "plea of true to 2nd paragraph" does not establish the 1997 conviction beyond a reasonable doubt. There was no evidence presented of who wrote that notation or when it was written. The State did not present testimony from the 1997 trial court judge, a court coordinator or clerk, or any of the attorneys involved in the 1997 proceeding. None of the documents signed by Cook refer to the 1997 conviction, and the judgment does not state that Cook pleaded true to the allegation of the 1997 conviction. The State does not cite, nor have we found, case law supporting the proposition that documents such as these would prove the alleged conviction beyond a reasonable doubt. *Compare Aleman v. State*, 49 S.W.3d 92, 95-96 (Tex. App.—Beaumont 2001, no pet.) (evidence showed only that person with same name as defendant

was convicted earlier; no evidence connected fingerprints or signatures to defendant); *Young v. State*, No. 07-99-0238-CR, 2000 Tex. App. LEXIS 2408, at * 4-6 (Amarillo April 12, 2000, no pet.) (not designated for publication) (accused's name and details of prior conviction matched allegations in indictment, but without fingerprint or other identity evidence tied to conviction, evidence insufficient to establish that defendant was same person convicted earlier), *with Elliot v. State*, 858 S.W.2d 478, 488 (Tex. Crim. App. 1993) (evidence sufficient where State produced certified records, fingerprint card, and expert testimony tying defendant to fingerprints and conviction records); *Garner v. State*, 864 S.W.2d 92, 96-97 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd) (evidence sufficient where State produced judgment and sentence, along with fingerprint card and expert testimony). *See also Mosqueda v. State*, 936 S.W.2d 714, 716-17 (Tex. App.—Fort Worth 1996, no pet.) (documents from prior convictions indicated that judgments were not final, therefore documents were insufficient to amount to judgment).

Simply put, the State's evidence did not tie Cook to the 1997 conviction beyond a reasonable doubt. We do not believe that allegations and short-hand notations found in the records of one conviction can, on their own, prove an earlier conviction. *See Littles*, 726 S.W.2d at 29 ("This Court has never favored 'bootstrapping' in this manner to prove allegations essential to enhanced punishment."). Cook may well have been convicted of DWI in 1997 and may be the same Ben Cook convicted in cause MB96-19939E. However, it is the State's burden to make that showing beyond a reasonable doubt, not to merely raise the probability or suspicion. We hold that the State did not establish the 1997 conviction beyond a reasonable doubt. We sustain Cook's issue on appeal.

4

## Conclusion

Misdemeanor DWI is a lesser-included offense of felony DWI. *See* Tex. Code Crim. Proc. Ann. art. 37.09 (West 1981); Tex. Pen. Code Ann. §§ 49.04, .09; *Mosqueda*, 936 S.W.2d at 717. In a bench trial, the trial court may find a defendant guilty of a lesser-included offense when the evidence so supports. *Shute v. State*, 877 S.W.2d 314, 315 (Tex. Crim. App. 1994). A district court may find a defendant guilty of a misdemeanor lesser-included offense even when that court's jurisdiction is usually limited to felony offenses. *See* Tex. Code Crim. Proc. Ann. art. 4.06 (West 1977). When the evidence is sufficient to prove a lesser-included offense but not the alleged felony offense, this Court may modify a trial court's judgment to show a conviction for the lesser-included offense. *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993). We therefore modify the judgment of conviction to reflect a conviction for Class A misdemeanor DWI, and, as modified, affirm the finding of guilt. We reverse that portion of the judgment imposing sentence and remand the cause to the trial court for a new punishment hearing.

_____

David Puryear, Justice

Before Justices Kidd, B. A. Smith and Puryear

Modified and, as Modified, Affirmed in Part; Reversed and Remanded in Part

Filed:  March 4, 2004

Do Not Publish

5