TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-03-00027-CR






Ben Cook, Jr., Appellant


v.


The State of Texas, Appellee







FROM THE DISTRICT COURT OF DALLAS COUNTY, 265TH JUDICIAL DISTRICT

NO. F-0159230-NR, HONORABLE KEITH T. DEAN, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



 Following a bench trial, appellant Ben Cook, Jr., was convicted of felony driving
while intoxicated ("DWI"), and sentenced pursuant to a plea agreement to ten years' imprisonment,
suspended for six years. See Tex. Pen. Code Ann. §§ 49.04, .09(b)(2) (West 2003 & Supp. 2004). 
Cook's offense was enhanced to a felony offense by a 1999 conviction in trial court cause number
MA98-43809E ("the 1999 conviction") and a 1997 conviction in cause MB96-19939E ("the 1997
conviction"). On appeal, Cook concedes that the evidence is sufficient to show that he committed
the subject DWI offense and the 1999 offense. He asserts only that the evidence is insufficient to
show that he was convicted in 1997. Because we agree with Cook's contention, we modify the
judgment to show a conviction for the lesser-included offense of Class A misdemeanor DWI and
remand the cause for a new hearing on punishment.

 To prove Cook's prior convictions, the State produced the following documents from
Cook's 1999 conviction: a docket sheet containing the handwritten notation, "plea of true to 2nd
paragraph"; the admonition and plea form signed by Cook stating that he was charged with "DWI
II"; the judgment of conviction which states that Cook pled "guilty/nolo contendere" to a Class A
misdemeanor but does not state of which particular offense he was convicted; Cook's probation
conditions requiring him to complete a program for repeat offenders; a sentencing recommendation
stating that Cook was charged with "DWI (2nd)" and, under "Prior Record," stating, "m96 DWI";
and the information charging Cook with "DWI 2ND" and alleging that he had been convicted of
DWI in 1997 in cause number MB96-19939-E. The file from the 1997 conviction has been lost and
the State was not able to locate it for presentation at trial. Cook argued at trial that the State had not
proven either prior conviction, but the State argued that it sufficiently established the 1997
conviction through the documents from the 1999 conviction.

 When prior convictions are used to elevate an otherwise misdemeanor offense to a
felony, they are jurisdictional and must be pled in the indictment. Tamez v. State, 11 S.W.3d 198,
201 (Tex. Crim. App. 2000). The State must prove such prior convictions beyond a reasonable
doubt. Littles v. State, 726 S.W.2d 26, 28 (Tex. Crim. App. 1984); Zimmer v. State, 989 S.W.2d 48,
50 (Tex. App.--San Antonio 1998, pet. ref'd). A prior conviction may be proven by certified copies
of a judgment and sentence and authenticated copies of records from the Texas Department of
Corrections, including fingerprints, supported by expert testimony matching them to the defendant. 
Littles, 726 S.W.2d at 28; Zimmer, 989 S.W.2d at 50. The State may also offer: (1) testimony from
a witness who personally knows the defendant and the fact of his prior conviction; (2) the
defendant's stipulations or judicial admissions; (3) the defendant's photograph in a penitentiary
packet or other official record. Littles, 726 S.W.2d at 31; Daniel v. State, 585 S.W.2d 688, 690-91
(Tex. Crim. App. 1979); Zimmer, 989 S.W.2d at 50. 

 Here, the State produced no records from the 1997 conviction. The admonishment
form from 1999, signed by Cook, states that he was charged with "DWI II" and entered a plea of
guilty or nolo contendere, but does not refer to the 1997 conviction. The judgment of conviction
states only that Cook was convicted of a Class A misdemeanor, but does not state the particular
offense or make mention of a prior conviction, much less provide any information about any
particular prior convictions used for enhancement purposes. The allegations in the 1999 information
do not establish any facts, but instead are the charges that the State sought to prove. Therefore, the
1999 indictment does not amount to evidence of the 1997 conviction. Finally, the handwritten
notation in the 1999 docket sheet that Cook entered a "plea of true to 2nd paragraph" does not
establish the 1997 conviction beyond a reasonable doubt. There was no evidence presented of who
wrote that notation or when it was written. The State did not present testimony from the 1997 trial
court judge, a court coordinator or clerk, or any of the attorneys involved in the 1997 proceeding. 
None of the documents signed by Cook refer to the 1997 conviction, and the judgment does not state
that Cook pleaded true to the allegation of the 1997 conviction. The State does not cite, nor have
we found, case law supporting the proposition that documents such as these would prove the alleged
conviction beyond a reasonable doubt. Compare Aleman v. State, 49 S.W.3d 92, 95-96 (Tex.
App.--Beaumont 2001, no pet.) (evidence showed only that person with same name as defendant
was convicted earlier; no evidence connected fingerprints or signatures to defendant); Young v. State,
No. 07-99-0238-CR, 2000 Tex. App. LEXIS 2408, at * 4-6 (Amarillo April 12, 2000, no pet.) (not
designated for publication) (accused's name and details of prior conviction matched allegations in
indictment, but without fingerprint or other identity evidence tied to conviction, evidence insufficient
to establish that defendant was same person convicted earlier), with Elliot v. State, 858 S.W.2d 478,
488 (Tex. Crim. App. 1993) (evidence sufficient where State produced certified records, fingerprint
card, and expert testimony tying defendant to fingerprints and conviction records); Garner v. State,
864 S.W.2d 92, 96-97 (Tex. App.--Houston [1st Dist.] 1993, pet. ref'd) (evidence sufficient where
State produced judgment and sentence, along with fingerprint card and expert testimony). See also
Mosqueda v. State, 936 S.W.2d 714, 716-17 (Tex. App.--Fort Worth 1996, no pet.) (documents
from prior convictions indicated that judgments were not final, therefore documents were insufficient
to amount to judgment).

 Simply put, the State's evidence did not tie Cook to the 1997 conviction beyond a
reasonable doubt. We do not believe that allegations and short-hand notations found in the records
of one conviction can, on their own, prove an earlier conviction. See Littles, 726 S.W.2d at 29
("This Court has never favored 'bootstrapping' in this manner to prove allegations essential to
enhanced punishment."). Cook may well have been convicted of DWI in 1997 and may be the same
Ben Cook convicted in cause MB96-19939E. However, it is the State's burden to make that
showing beyond a reasonable doubt, not to merely raise the probability or suspicion. We hold that
the State did not establish the 1997 conviction beyond a reasonable doubt. We sustain Cook's issue
on appeal.

Conclusion


 Misdemeanor DWI is a lesser-included offense of felony DWI. See Tex. Code Crim.
Proc. Ann. art. 37.09 (West 1981); Tex. Pen. Code Ann. §§ 49.04, .09; Mosqueda, 936 S.W.2d at
717. In a bench trial, the trial court may find a defendant guilty of a lesser-included offense when
the evidence so supports. Shute v. State, 877 S.W.2d 314, 315 (Tex. Crim. App. 1994). A district
court may find a defendant guilty of a misdemeanor lesser-included offense even when that court's
jurisdiction is usually limited to felony offenses. See Tex. Code Crim. Proc. Ann. art. 4.06 (West
1977). When the evidence is sufficient to prove a lesser-included offense but not the alleged felony
offense, this Court may modify a trial court's judgment to show a conviction for the lesser-included
offense. Bigley v. State, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993). We therefore modify the
judgment of conviction to reflect a conviction for Class A misdemeanor DWI, and, as modified,
affirm the finding of guilt. We reverse that portion of the judgment imposing sentence and remand
the cause to the trial court for a new punishment hearing.



 __________________________________________

 David Puryear, Justice

Before Justices Kidd, B. A. Smith and Puryear

Modified and, as Modified, Affirmed in Part; Reversed and Remanded in Part

Filed: March 4, 2004

Do Not Publish