COURT OF 
APPEALS
                                                 
SECOND DISTRICT OF TEXAS
                                                                 
FORT WORTH
 
 
                                        
NO. 2-04-512-CR
 
 
WILLIAM 
EUGENE TUTON                                                     
APPELLANT
 
                                                   
V.
 
THE STATE 
OF TEXAS                                                                
STATE
 
                                              
------------
 
        FROM 
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT 
COUNTY
 
                                              
------------
 
                                
MEMORANDUM OPINION[1]
 
                                              
------------
I. 
Introduction

Appellant 
William Eugene Tuton appeals his conviction for felony driving while intoxicated 
(DWI).  A jury found Tuton guilty 
and assessed his punishment at eleven years= 
confinement, and the trial court sentenced him accordingly.  In three points, Tuton contends that the 
trial court erred by allowing the State to show Aadditional@ prior 
DWI convictions at the guilt-innocence stage and that he was denied effective 
assistance of counsel by counsel=s 
failure to object to evidence of the prior convictions and by 
counsel=s 
failure to offer a correct stipulation to Tuton=s 
prior DWI convictions.  We will 
affirm.
II.  Factual Background
Sergeant 
Leland Strickland of the Arlington Police Department responded to a burglar 
alarm at a convenience store.  While 
waiting for backup, Sergeant Strickland saw a carCdriving 
without its headlights onCenter 
the parking lot and then quickly exit.  
Believing that the driver might be involved with the burglary, Strickland 
followed the car and pulled it over after observing four traffic 
violations.  The driver, Tuton, 
explained to Sergeant Strickland that he planned to stop at the convenience 
store for gas but left after realizing that the store was closed.  Sergeant Strickland noticed that Tuton 
smelled of alcohol, that his eyes were red and watery, and that his speech was 
Aslurred 
and thick-tongued.@  Sergeant Strickland believed that Tuton 
was intoxicated.  Another officer 
arrived at the scene and took over the DWI investigation.  Tuton told the officer that he had 
consumed two to three beers during the past hour and a half.  Tuton failed all three sobriety tests 
conducted at the scene, and the officer arrested him.   
 
 

III. 
Procedural Background
Tuton=s 
indictment included a DWI-felony repetition charge, alleging that prior to the 
current offense, a Dallas County district court twice convicted him of felony 
DWI.  Specifically, the indictment 
alleged that prior to the instant offense Tuton had been convicted of the 
following: (1) on August 17, 1992 in cause number F-9230417-HI of DWI, 
Ahaving 
been twice before convicted of DWI,@ 
and (2) on August 4, 1987 in cause number F-87-73529-IR of DWI, Ahaving 
been twice before convicted of DWI.@  At the commencement of trial, 
Tuton=s 
trial counsel objected to the presentment of the prior felony DWI convictions 
listed in the indictment but, after taking a moment to talk with her client, did 
not offer to stipulate to any prior DWI convictions in order to establish felony 
court jurisdiction.  Thereafter, the 
State read the indictment setting forth the August 17, 1992 and the August 4, 
1987 prior felony DWI convictions. 
During 
trial, when the State sought to introduce State=s 
Exhibit 5, the judgment from the August 17, 1992 DWI, Tuton=s 
trial counsel objected.  
Tuton=s 
counsel offered to stipulate to two misdemeanor DWI convictions, a June 14, 2001 
DWI conviction from Wisconsin and a December 1, 1985 DWI conviction from Reeves 
County.  The State refused to accept 
this stipulation because it claimed that the stipulation would not meet the 
State=s 
burden of proof under the indictment.  
The State suggested the following 
stipulation:

The 
stipulation should read something to the effect that defense counsel . . . [and 
Tuton] . . . stipulate that [Tuton] was convicted of the offense of driving 
while intoxicated on the 17th day of August, 1992, in the Criminal District 
Court Number Two of Dallas County, Texas in cause number F-9230417-HI, and that 
[Tuton] was convicted of the offense of driving while intoxicated on the 4th day 
of August, 1987 in the 265th Judicial District Court of Dallas County, Texas in 
cause number F-87-73529-R as contained in the State=s 
indictment.
 
Tuton=s 
trial counsel indicated that this stipulation was unacceptable because 
Astipulating 
to [the convictions alleged in the indictment] would be stipulating to possible 
knowledge that these are two previous felonies, which would cause prejudicial 
harm to [her] client.@  Tuton=s 
trial counsel stated that she did not oppose stipulating to the locations and 
dates of the offenses, but she did not want to include the words Adistrict 
court@ 
in the stipulation because she claimed that those familiar with the judicial 
system would realize that the prior convictions were felonies.[2]  When the parties failed to stipulate to 
the prior DWIs alleged in the indictment, the court admittedCover 
defense counsel=s 
objectionCthe 
judgment from Tuton=s 
August 17, 1992 felony DWI conviction as State=s 
Exhibit 5 and the judgment from his, August 4, 1987 felony DWI conviction as 
State=s 
Exhibit 7.  The jury convicted Tuton 
of felony DWI.  This appeal 
followed.
 

IV.  Prior DWI 
Convictions
In 
his first point, Tuton complains that the trial court erred by allowing the 
State to show more than the two prior DWI convictions needed to establish felony 
court jurisdiction.  Specifically, 
Tuton complains that the jury should not have been permitted to learn of the 
misdemeanor convictions supporting each of the felony DWIs alleged in the 
indictment.[3]   

A 
person may be charged with felony DWI if he has two previous convictions for 
DWI.  Tex. Penal Code Ann. ' 
49.09(b).  In a felony DWI, the two 
prior DWI offenses are necessary elements of the offense of felony DWI; they are 
jurisdictional, as opposed to mere enhancement allegations.  State v. Mewbourn, 993 S.W.2d 
771, 772 (Tex. App.CTyler 
1999, no pet.) (APrior 
convictions are essential elements of felony DWI under  section 49.09(b)[] and must be read and 
proven at the guilt[-]innocence phase to support a felony 
conviction.@).  Therefore, to obtain a conviction for 
felony DWI, the State must prove the two prior DWI convictions at the 
guilt-innocence stage of trial.  
Hampton v. State, 977 S.W.2d 467, 469 (Tex. App.CTexarkana 
1998, pet. ref=d) 
(recognizing State had burden of showing two prior DWI convictions in 
case-in-chief in felony DWI prosecution).  
Likewise, in a felony DWI case, the indictment language concerning the 
two predicate DWI convictions may be read to the jury at the start of the 
guilt-innocence phase of the trial.  Tex. Code Crim. Proc. Ann. art. 
36.01 (Vernon Supp. 2005); Tamez v. State, 11 S.W.3d 198, 201 (Tex. Crim. 
App. 2000).
When 
proof of a prior conviction is a jurisdictional elementCsuch 
as in a felony DWICthe 
fact of the prior conviction must be proven beyond a reasonable doubt.  Zimmer v. State, 989 S.W.2d 48, 
50 (Tex. App.CSan 
Antonio 1998, pet. ref=d). 
The State may prove prior convictions in a variety of ways, including (1) the 
stipulation or judicial admission of the defendant that he has been convicted or 
(2) the introduction of certified copies of the judgment, sentence, or the 
record of the Texas Department of Corrections or a county jail including 
fingerprints of the accused supported by expert testimony identifying them with 
known prints of the defendant.  
Littles v. State, 726 S.W.2d 26, 31 (Tex. Crim. App. 1987) (op. on 
reh=g).  When, however, the defendant offers to 
stipulate to the prior DWI convictions that the State is required to prove, 
Athe 
probative value of evidence of the same convictions is substantially outweighed 
by the danger of unfair prejudice.@  Robles v. State, 85 S.W.3d 211, 
213 (Tex. Crim. App. 2002). In the absence of a stipulation, judgments from 
prior convictions are relevant to show the existence of those prior convictions. 
Id. at 212.

Here, 
Tuton=s 
trial counsel refused to stipulate to the two prior DWI=s 
listed in the indictment because they contained the term Adistrict 
court.@  Tuton=s 
trial counsel instead offered to stipulate to two misdemeanor DWI convictions 
not listed in the indictment.  This 
stipulation would have accomplished nothing; it would not have alleviated the 
State=s 
burden of proving the prior convictions listed in the indictment beyond a 
reasonable doubt.[4]  See Tamez, 11 S.W.3d at 201 
(stating that prior convictions used to elevate a misdemeanor to a felony must 
be pleaded in the indictment for jurisdictional purposes); Zimmer, 989 
S.W.2d at 50 (noting that State must prove prior convictions beyond a reasonable 
doubt when proof of a prior conviction is a jurisdictional element); see also 
Tex. Penal Code Ann. 
' 
2.01 (Vernon 2003) (stating that each element of offense must be proved beyond a 
reasonable doubt); Jones v. State, 850 S.W.2d 223, 225 (Tex. 
App.CFort 
Worth 1993, pet. ref=d) 
(noting that State must prove allegations in indictment beyond a reasonable 
doubt).

Because 
Tuton=s 
trial counsel did not offer to stipulate to the prior DWI convictions listed in 
the indictment, we hold that the trial court did not abuse its discretion by 
admitting into evidence the judgments in the August 17, 1992 DWI and the August 
4, 1987 DWI.  We overrule 
Tuton=s 
first point.
V. 
Ineffective Assistance of 
Counsel
In 
his second and third points, Tuton contends that his trial counsel was 
ineffective.  Specifically, Tuton 
contends that his trial counsel=s 
failure to object to the admission of the judgment from one of the prior DWI 
conviction listed in the indictment and his counsel=s 
failure to offer a correct stipulation of Tuton=s 
prior DWI convictions constituted ineffective assistance.  
We 
apply a two-pronged test to ineffective assistance of counsel claims.  Strickland v. Washington, 466 
U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Thompson v. State, 9 S.W.3d 
808, 812 (Tex. Crim. App. 1999).  
First, appellant must show that his counsel's performance was deficient; 
second, appellant must show the deficient performance prejudiced the 
defense.  Strickland, 466 
U.S. at 687, 104 S. Ct. at 2064. 

In 
evaluating the effectiveness of counsel under the first prong, we look to the 
totality of the representation and the particular circumstances of each 
case.  Thompson, 9 S.W.3d at 
813.  The issue is whether counsel's 
assistance was reasonable under all the circumstances and prevailing 
professional norms at the time of the alleged error.  See Strickland, 466 U.S. at 
688-89, 104 S. Ct. at 2065.  
A[C]ounsel 
is strongly presumed to have rendered adequate assistance and made all 
significant decisions in the exercise of reasonable professional 
judgment.@  Id. at 690, 104 S. Ct. at 
2066.  An allegation of ineffective 
assistance must be firmly founded in the record, and the record must 
affirmatively demonstrate the alleged ineffectiveness.  Thompson, 9 S.W.3d at 813.  Our scrutiny of counsel's performance 
must be highly deferential, and every effort must be made to eliminate the 
distorting effects of hindsight.  
Strickland, 466 U.S. at 689, 104 S. Ct. at 
2065.
The 
second prong of Strickland requires a showing that counsel's errors were 
so serious that they deprived the defendant of a fair trial, i.e., a trial whose 
result is reliable.  Id. at 
687, 104 S. Ct. at 2064.  In other 
words, appellant must show there is a reasonable probability that, but for 
counsel's unprofessional errors, the result of the proceeding would have been 
different.  Id. at 694, 104 
S. Ct. at 2068.  A reasonable 
probability is a probability sufficient to undermine confidence in the 
outcome.  Id.  The ultimate focus of our inquiry must 
be on the fundamental fairness of the proceeding whose result is being 
challenged.  Id. at 697, 104 
S. Ct. at 2070.

Generally, 
the trial record will not be sufficient to establish an ineffective assistance 
of counsel claim.  Jones v. 
State, 133 S.W.3d 307, 312 (Tex. App.CFort 
Worth 2004, no pet.). This is often the case because a silent record cannot 
rebut the presumption that counsel=s 
performance was the result of sound or reasonable trial strategy.  Strickland, 466 U.S. at 688, 104 
S. Ct. at 2052; Mallet v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). 
A record affirmatively demonstrating the alleged ineffectiveness may, however, 
be provided by a motion for new trial hearing.  See Jones, 133 S.W.3d at 
312.  When there is no hearing on a 
motion for new trial or if counsel does not appear at such a hearing, an 
affidavit from defense counsel becomes almost vital to the success of a claim of 
ineffective assistance of counsel.  
Howard v. State, 894 S.W.2d 104, 107 (Tex. App.CBeaumont 
1995, pet. ref=d).
In 
the present case, the record does not support Tuton=s 
contention that the complained of decisions and actions by his trial counsel 
rendered his assistance ineffective.  
There was not a hearing on Tuton=s 
motion for new trial, and his trial counsel did not file an affidavit.  The record is silent as to trial 
counsel=s 
reasoning and strategy for not objecting to the State=s 
offer of the judgment from one of Tuton=s 
prior DWI convictions.  The record 
is also silent regarding trial counsel=s 
reasons for not agreeing to the State=s 
offered stipulation.      
Moreover, the decision to stipulate to prior convictions is a classic 
example of trial strategy. Stafford v. State, 758 S.W.2d 663, 673 (Tex. 
App.CHouston 
[1st Dist.] 1988, no pet.), rev=d 
on other grounds, 
813 S.W.2d 503 (Tex. Crim. App. 1999).  
The record demonstrates that there was some discussion between Tuton and 
his trial counsel regarding whether or not to offer a stipulation at the outset 
of trial.  This suggests that 
Tuton=s 
trial counsel decided not to stipulate to the prior DWI convictions listed in 
the indictment as a strategic decision or in accordance with her 
client=s 
wishes.  


Consequently, 
the trial record before us is insufficient to establish Tuton=s 
ineffective assistance of counsel claim.  
See Jones, 133 S.W.3d at 312. Accordingly, we hold that Tuton 
failed to overcome the strong presumption that his trial counsel rendered 
adequate assistance.  See 
Strickland, 466 U.S. at 690, 104 S. Ct. at 2066. We overrule 
Tuton=s 
second and third points. 
VI. 
Conclusion
Having 
overruled each of Tuton=s 
three points, we affirm the trial court=s 
judgment.
PER 
CURIAM
 
PANEL 
F:    WALKER, GARDNER, and 
MCCOY, JJ.
 
DO NOT 
PUBLISH
Tex. 
R. App. P. 
47.2(b)
 
DELIVERED: 
December 8, 2005
 
 




[1]See Tex. R. App. P. 
47.4.

[2]See Tex. 
Penal Code Ann. ' 49.09(b) (Vernon Supp. 
2005). 

[3]Although 
Tuton=s counsel objected 
globally to the reading of any portion of the felony repetition charge to the 
jury, she did not request that the Ahaving been twice before 
convicted@ language not be read to 
the jury.  


[4]Tuton relies heavily on 
Tamez.  See 11 S.W.3d 
at 202.  But the facts in that 
caseCTamez did offer to 
stipulate to the predicate DWIsCare distinguishable from 
the present facts because Tuton did not offer to stipulate to the predicate 
DWIs.  See id. at 199.