NO. 07-11-00331-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 25, 2013

_____

KRISS RAY CAMP, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 62,157-A; HONORABLE DAN L. SCHAAP, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Kriss Ray Camp appeals his conviction for assault causing bodily injury to a family member and enhanced sentence of twenty-five years in prison.[1] Through one issue, he challenges the sufficiency of the evidence linking him to a prior conviction for family violence assault. Finding the evidence sufficient, we will affirm the judgment of the trial court.

Background

_____

[1] Tex. Penal Code Ann. § 22.01(b)(2)(A) (West 2011) and § 12.42(d) (West Supp. 2012).

According to the indictment, appellant assaulted B.C., a member of his family, or a member of his household, or a person with whom he was in a dating relationship by striking her with his hand. Assault under Penal Code § 22.01(a)(1) (intentionally, knowingly, or recklessly causing bodily injury) is a Class A misdemeanor, but because of appellant's alleged 1993 conviction in Tom Green County, Texas for family violence assault and because of the nature of appellant's relationship with B.C., the offense by statute was a third degree felony.[2] The State sought enhancement of punishment through two prior felony convictions subjecting appellant to imprisonment as a habitual offender for either life or any term of not more than 99 years or less than 25 years.[3]

An investigator with the Potter County Sheriff's Department was assigned the case against appellant. He researched appellant's criminal background through the National Crime Information Center and the Texas Crime Information Center data bases. From this investigation, he learned appellant's date of birth was April 18, 1965, and his SID number, the identification number assigned by the Texas Department of Public Safety to each arrestee, was 03302430.

The officer also located and obtained a certified copy of a written judgment of August 5, 1993, from Tom Green County. The document states that on August 5, 1993, "Kriss Ray Camp" plead no contest to the charge of "assault, Class A (family violence)." The court imposed a punishment of $25. The judgment includes the right thumbprint of Kriss Ray Camp. It also states his date of birth is April 18, 1965, and his SID number is "TX03302430," these two entries being handwritten.

---

[2] Tex. Penal Code Ann. § 22.01(b)(2)(A) (West 2011).

[3] Tex. Penal Code Ann. § 12.42(d) (West 2012).

2

Another officer testified he was unable to match appellant's thumbprint with that appearing on the Tom Green County judgment because of the quality of the copy of the judgment. Over appellant's objection, the judgment was received in evidence.

As part of its proof that appellant was previously convicted of family violence assault, the State pointed to excerpts from three letters in evidence written by appellant. The first bore a December 16, 2010 postmark and provided in part, "The last family-violence charge was fifteen years ago and cannot be used as a prior conviction, because it was pled out as no contest." The second was postmarked October 28, 2010, and provided in part, "[A]nd I had one 18 years ago for pulling hair and not this one with you . . . ." The third was postmarked December 8, 2010, and provided in part, "[M]ay be dropped back down to a misdemeanor because of how old my old, 17-year misdemeanor is. I'm pretty sure they can only go back ten years to bring up an old misdemeanor."

The jury convicted appellant of the charged offense. Punishment was tried to the court. Appellant plead true to the first enhancement paragraph and not true to the second. Based on findings of true to both enhancement paragraphs the trial court sentenced appellant as noted. This appeal followed.

Analysis

Through a single issue, appellant argues the evidence was insufficient to link him to the Tom Green County conviction.

We evaluate the sufficiency of evidence supporting criminal convictions under the standard set forth in *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Brooks v. State,* 323 S.W.3d 893, 894-95 (Tex.Crim.App. 2010) (plurality opinion). That standard requires we view all evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Salinas v. State,* 163 S.W.3d 734, 737 (Tex.Crim.App. 2005). The standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson,* 443 U.S. at 319, 99 S.Ct. at 2789.

The elements necessary to prove the State's case-in-chief at the guilt/innocence phase of appellant's trial were: (1) an assault; (2) committed against a member of the appellant's family or household or with whom appellant had a dating relationship; and (3) appellant was previously convicted of an offense against a member of his family or household or a person with whom he had a dating relationship. *Clark v. State,* No. 03-09-0644-CR, 2011 Tex. App. Lexis 5160, at *18-19 (Tex.App.--Austin July 8, 2011, pet. refused) (mem. op., not designated for publication) (citing Tex. Penal Code Ann. § 22.01(a), (b)).

Thus it is the sufficiency of the evidence establishing the third element of the charged offense that appellant's issue calls into question. "To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction." *Flowers v. State,* 220 S.W.3d 919, 921 (Tex.Crim.App. 2007).

4

Courts recognize several methods of linking the defendant with the prior offense, including through "expert testimony identifying" the fingerprints from the prior conviction "as identical with known fingerprints of the defendant," eliciting "testimony of a witness who personally knows the defendant and the fact of his prior conviction and identifies him," a stipulation or judicial admission by a defendant, *Beck v. State,* 719 S.W.2d 205, 209-10 (Tex.Crim.App. 1986), or "matching a photograph of the defendant in a penitentiary packet or other official record to the defendant at trial." *Zimmer v. State,* 989 S.W.2d 48, 50 (Tex.App.--San Antonio 1998, pet. refused) (citing *Beck,* 719 S.W.2d at 209; *Littles v. State,* 726 S.W.2d 26, 31 (Tex.Crim.App. 1984) (op. on reh'g)).

Whether the State has presented evidence linking a defendant beyond a reasonable doubt to a prior conviction is determined on a case-by-case basis. *Human v. State,* 749 S.W.2d 832, 835-36 (Tex.Crim.App. 1988) (op. on reh'g). The trier of fact considers the totality of the evidence in making this determination. *Flowers,* 220 S.W.3d at 923. A sufficient nexus between the defendant and a prior conviction may be shown through circumstantial evidence. *Human,* 749 S.W.2d at 835-36, 839.

The connecting evidence often "resembles pieces of a jigsaw puzzle." *Id. at* 835-36. The "trier of fact fits the pieces of the jigsaw puzzle together and weighs the credibility of each piece" and "determines if these pieces fit together sufficiently to complete the puzzle." *Flowers,* 220 S.W.3d at 923. "The pieces standing alone usually have little meaning. However, when the pieces are fitted together, they usually form the picture of the person who committed the alleged prior conviction or convictions." *Human,* 749 S.W.2d at 836.

The jigsaw puzzle metaphor finds illustration here. Through three letters, appellant admitted a prior conviction for family violence in the general time frame of the Tom Green County judgment. The face of the judgment records the full name "Kriss Ray Camp." The date of birth for the subject of the judgment is identical to that of appellant as is the SID number. Given the unusual spelling of appellant's given name, the match of identifiers, appellant's admission, and the unlikelihood that two individuals have the same SID number, we conclude the pieces of the puzzle so aligned that the jury was entitled to believe beyond a reasonable doubt that appellant is the subject of the Tom Green County judgment. Appellant's issue is overruled.

Pending before the Court is a motion filed by appellant during December, 2012, in which he asks that his appellate counsel be discharged from representation of appellant on appeal and that appellant be allowed to proceed *pro se*. The motion is denied.

Conclusion

The judgment of the trial court is affirmed.

James T. Campbell
Justice

Do not publish.