**Elon Eric ASHBY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 650–83.

Court of Criminal Appeals of Texas, En Banc.

Jan. 25, 1984.

Carl E. Mallory, Arlington, for appellant.

Tim Curry, Dist. Atty., C. Chris Marshall, Richard B. Roper, Michael Parrish, Mark Daniel and Brent A. Carr, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

The offense of which appellant was convicted is exhibiting harmful material to a minor. V.T.C.A.Penal Code, § 43.24(b)(1). The harmful material is alleged to be "a motion picture portraying acts of sexual intercourse and deviate sexual intercourse."

Cast as a matter of insufficient evidence by appellant, a major issue in this cause is whether the State correctly solved the paradoxical problem of identifying a motion picture film as an exhibit by means other than having the already offended minor view it in open court before the jury and testify that it was the same one shown to him earlier by appellant on the occasion in question. Like the Fort Worth Court of Appeals did in an unpublished opinion, we will find the film was properly admitted as an exhibit and, since the jury obviously determined the filmed portrayal constituted "harmful material" within the meaning of § 43.24(a)(2), we will further find that the evidence is sufficient to support the judgment of conviction.

The operative facts of this matter are not disputed, so we feel free to draw heavily from the State's reply to appellant's petition for review.

The complaining witness is a ten year old boy we call Jason. On the afternoon of February 5, 1981, Jason was at appellant's apartment playing with appellant's son and some other children. While there, appellant asked Jason to go to a local store and purchase a new bulb for appellant's movie projector. Jason complied. Soon after Ja-

son returned with the bulb and had resumed playing, appellant asked the children present if they would like to see a movie. Appellant had shown about twelve and one-half minutes of the film when someone knocked on the door, in response to which appellant turned off the projector. Jason testified the movie had "naked people" in it; he told his mother about the incident.

On March 4, 1981, pursuant to a search warrant, several Euless police officers searched appellant's residence and seized six rolls of film and a movie projector. Prior to trial Jason was taken to the Euless Police Department where an officer was prepared to show him portions of each of the films seized until he identified the one shown him on the date of the offense. Jason identified one of the films in the presence of his mother, the officer, and a district attorney, as the one shown him by appellant. Immediately after identification the film was marked and dated by both Jason and the officer. Jason testified that he had viewed the film earlier at the police station and had recognized it as the same film shown him by appellant on the date in question. At trial Jason identified the film by the marks he had placed on it at the police station. The first twelve and one-half minutes of that film was admitted as State's Exhibit 1 and was viewed by the jury.

Essentially upon that testimony and demonstrative evidence, and likening the situation to a commonplace practice for a victim of a crime involving a handgun to identify it by some marking made on it by the victim some time before trial while the handgun was in police custody, the court of appeals found that "there was, in fact, proof that the film admitted into evidence as State's Exhibit 1 was *the same film* allegedly shown the victim by [appellant] on the date in question." [1] We agree with that finding.

1. All emphasis is added by the writer of this opinion unless otherwise indicated.

2. In a case of this nature, since the trier of fact must determine whether motion picture film

Appellant now contends: "A film cannot be properly identified by examining it from the reel without looking at the frames themselves." He cites no authority, just as the State does not favor us with any to support its position. However, in the circumstances shown here, we are satisfied that the issue is governed by the essence of the "chain of custody" rationale. See Ray, Law of Evidence, § 1458, and cases cited in n. 98, 2 Texas Practice 134–135.[2]

■ Several films were seized from appellant's residence. Upon viewing two thereafter, one was identified by Jason as the motion picture shown by appellant on the occasion in question. He marked that film by his writing his name on it. It remained in the custody of law enforcement officials until trial. Jason was the first witness for the State, and he identified the film in the manner already indicated. Proof of chain of custody of the film from first identification of it by Jason to his in court identification was sufficient to admit State's Exhibit 1. *Mendoza v. State,* 552 S.W.2d 444, 448 (Tex.Cr.App.1977); see *Wilhoit v. State,* 638 S.W.2d 489, 495 (Tex.Cr. App.1982) and *Ray,* op. cit., supra.

■ At trial appellant objected to admitting State's Exhibit 1 "for the reason that Jason stated that he did not see it all..." When this cause was submitted on oral argument appellant stoutly contended that a determination of "harmful material" depends upon its "dominant theme *taken as a whole,*" § 43.24(a)(2); he cited such obscenity cases as *Andrews v. State,* 652 S.W.2d 370 (Tex.Cr.App.1983); *Bourland v. State,* 502 S.W.2d 8 (Tex.Cr.App.1973) and *Bryers v. State,* 480 S.W.2d 712 (Tex.Cr.App.1972), and especially emphasized that our courts have "explicitly rejected the approach of *Regina v. Hicklin,* 3 Q.B. 360 (1868), which had permitted '... material to be judged merely by the effect of an isolated excerpt upon particularly susceptible persons...' *Roth v. United States,* supra, 354 U.S. [476]

portrayal constitutes "harmful material," we are unwilling to say that any lack of positiveness in identification of the film goes to the weight rather than admissibility of the film.

at 488–489 [77 S.Ct. 1304 at 1311, 1 L.Ed.2d 1498 (1957) ]," *Bryers v. State,* supra, at 717. When the offense is exhibiting harmful material to a minor, we find the contention is without merit.

"A state may regulate the materials that juveniles view and read even if they could not be proscribed for adults." Practice Commentary following V.T.C.A.Penal Code, § 43.24.

According to § 43.24(b)(1), a person commits an offense if, knowing the material is harmful and knowing the person is a minor he "exhibits . . . to a minor harmful material." Thus, exhibition of harmful material to a minor is the gravamen of the offense, the theory being that harm flows from what is actually exhibited to a minor. If the "dominant theme taken as a whole" of what is actually exhibited is "harmful material" within the meaning of § 43.24(a)(2), there is then inflicted on the minor that harm the Legislature sought to prevent, so that the nature of material *not* exhibited is of no moment. The harm has been done.

For these reasons the judgment of the court of appeals is affirmed.

ODOM and McCORMICK, JJ., not participating.

TEAGUE, Judge, dissenting.

Appellant presents to this Court a serious constitutional question, namely, whether V.T.C.A., Penal Code, Section 43.24(b)(1), is violative of the First Amendment to the Federal Constitution and Art. I, Section 8 of the Texas Constitution. Because the majority does not see fit to address and answer the question, I am compelled to respectfully dissent.